## URIEL SMITH *vs.* SYLVESTER SMITH.

The plaintiff's minor son agreed with the defendant to work for him for the season, at certain monthly wages, to be paid to the minor. The plaintiff, who lived near by, knew of the agreement, and that his son was working for the defendant, but made no objection and gave the defendant no notice that he should demand his wages. After the work had been done and the defendant had paid the son, the plaintiff demanded his wages. Held, that he was estopped from claiming them.

The defendant made a similar agreement with the minor in the following year, but the plaintiff notified the defendant that he objected to his son's working for him on any terms and that he should demand his wages. Held, that the plaintiff was not precluded from recovering the wages, either by the fact that the work was done by the son against his express dissent, or by the fact that the defendant had notified him to come and take his son away, and he had neglected to do so.

ASSUMPSIT, to recover for the services of the plaintiff's minor son. The facts are sufficiently stated in the opinion.

*Hitchcock*, for the plaintiff.

*Hall*, for the defendant.

SANFORD, J. This is an action of assumpsit to recover compensation for the services of the plaintiff's minor son. In the superior court the case was referred to an auditor, and the questions of law arising upon the facts found and reported by the auditor are reserved for our advice.

There was between the plaintiff and his son no express agreement amounting to an emancipation of the son, or to a sale or gift to him of his father's right to his time or services. *Prima facie*, therefore, the plaintiff was entitled to the services of the son and to all the wages earned by the son during his minority. But in regard to the services rendered in 1855, it is found that they were rendered under a special contract between the son and the defendant by which the defendant was to pay the son for those services, and that the plaintiff, who lived near by, had notice of that contract, and made no objection to it, and did not prohibit the defendant's payment to the son

until it had in fact been made. The plaintiff's conduct was evidence of his assent to that contract, and its performance as well by the defendant as the son, and operates against the plaintiff as an estoppel upon his present claim. Knowing of the contract and having an opportunity to prohibit and prevent its execution, he remained silent, and thus induced the defendant very justly to infer his assent and approbation. If the plaintiff can recover for these services his conduct will have operated as a delusion and a fraud upon the defendant; but he is not entitled to such recovery.

The claim for the services rendered in 1856 stands upon a different footing. As we have already said, there was no emancipation of the son, and no sale or gift to him of his time or earnings, and the father is not found to have done any thing by which his rights in relation to these services are affected. He gave no express or implied assent to the contract between the defendant and the son, he objected to the son's living with the defendant on any terms, and before the defendant paid any thing to the son under this contract the plaintiff prohibited such payment and told the defendant he must pay these wages to him. The defendant therefore made his payment to the son after such notice and prohibition in his own wrong, and ought to derive no benefit from it in this suit.

The plaintiff had undoubtedly the right to allow the son to take and appropriate whatever portion of his time and earnings the father chose, without affecting his right to reclaim the residue. He had a right to assent to the first contract without depriving himself of the power and right to repudiate the second.

In our judgment also the plaintiff's right of recovery is not affected by the fact found, that he objected to the son's living with the defendant on any terms. The defendant continued to employ the son notwithstanding such objection, and it does not lie in his mouth now to refuse payment for services actually performed, to the only party legally entitled to such payment. And besides, the objection was accompanied by a notice that the wages earned must be paid to the plaintiff. Nor is the plaintiff's right of recovery affected by the defendant's re-

quest to the plaintiff to go to the defendant's residence and take the son away. The defendant had induced the son to go to his house and engage in his service, and whether he had a right afterwards to turn him out or not, the plaintiff was under no obligation to go after him.

The superior court therefore is advised to render judgment for the plaintiff to recover of the defendant for the services rendered in 1856, as found by the auditor, the sum of $75.45, with interest upon the sum of sixty dollars from the 15th of January, 1861, the date of the auditor's report, to the time of rendering such judgment. But the plaintiff is not entitled to recover anything for the services rendered in 1855.

In this opinion the other judges concurred.