### LEAVITT IVES *vs.* TOWN OF NORTH CANAAN.

A resident of Goshen owned a farm in North Canaan, which was stocked with cattle. For several years prior to 1862 the assessors of North Canaan had put the cattle into the plaintiff's assessment list in the town of North Canaan, and in one of the years his agent had so put them in, and the plaintiff had without objection paid taxes on them there. They were thus put in by the assessors in 1862, but the plaintiff refused to pay the tax, which was collected of him by process of law. In an action of assumpsit to recover back the money paid it was held,

1. That a charge to the jury that the plaintiff was estopped from denying the legality of the assessment if he had by his conduct or that of his authorized agent caused or induced the assessors of North Canaan to put the cattle into the assessment list of that town, was erroneous, as such an effect might be produced by conduct entirely innocent.

2. But that, upon the facts as found, the plaintiff must be regarded as having assented to the cattle being so assessed, and that he was thereby estopped from denying the validity of the assessment..

ASSUMPSIT, to recover money illegally collected of the plaintiff as a tax. The case was tried to the jury in the

superior court, on the general issue with notice, before *Butler, J.*

On the trial it appeared that the defendants caused assessment lists to be made out for the years 1862 and 1863 against the plaintiff, and taxes to be laid thereon amounting to the sum of $23.07, which had been collected of the plaintiff compulsorily, by a levy upon and sale of his property, and paid to their treasurer. The plaintiff claimed to recover that amount in this action, insisting that the assessment lists were void. The plaintiff is and for many years has been an inhabitant and resident of Goshen, but has owned for the last ten years a farm in North Canaan. That farm being "college land" was not assessed and taxed until after the decision of the Supreme Court in the case of *The Town of New Haven* v. *Sheffield*, in the fall of 1861. (30 Conn. R., 160.) It was then set in a list of the plaintiff and has been so continued. A part of the sum of $23.07 was a tax laid on the land. The only other property embraced in the plaintiff's list was about twenty head of neat cattle, by which in part the farm was stocked pursuant to the provisions of a lease under which the farm was occupied by a tenant. The plaintiff did not insist on the trial that the land was not properly assessed, but claimed that the cattle were subject to taxation in Goshen, and were not liable to be assessed and taxed in North Canaan, and that the lists in question which embraced them were for that reason void. The defendants thereupon offered evidence to prove that the cattle had never been listed or taxed in Goshen, although the plaintiff was assessed and was a taxpayer in Goshen, and that the taxes laid upon them in North Canaan, prior to 1862, had been paid voluntarily by the plaintiff, or by his son by his direction, and with his money. These facts were admitted. The defendants further offered evidence to show that the plaintiff had a son living in North Canaan who acted as his agent generally in respect to the farm and the stock, and paid the taxes assessed and laid upon the stock prior to 1862, that he was an assessor for the town of North Canaan in 1861, and made out a list embracing these cattle against his father, on which taxes were laid and collected by

voluntary payment; that the cattle were continued by subsequent assessors in subsequent assessment lists; that when the collector called upon the plaintiff for the taxes on the lists of 1862 and 1863 the plaintiff did not object to the tax on the ground that the cattle were wrongfully taxed, but because the land was wrongfully included in the list, and that he offered to pay so much of the tax as was laid upon the cattle. The defendants thereupon insisted that the plaintiff, by the declarations and conduct of his son as his agent, and by his own declarations and conduct, had caused and induced the taxation of the cattle in North Canaan instead of Goshen, and was estopped to deny that the lists were valid. The plaintiff admitted that the son had paid taxes for him laid upon the cattle, prior to 1862, at his direction and with his money, but denied that he had been a general agent in respect to the care of the farm and cattle, or agent for any purpose except to pay such taxes when directed and furnished with money to do so, and denied that his son had ever in fact by his declarations or conduct induced the assessors of North Canaan to assess and tax the cattle, or that he had personally by any declarations or conduct of his so induced them to assess and tax them, and insisted that he had personally never carried in or made any list of his property in North Canaan, and that he was not estopped against claiming that the lists were void in this action. And the parties respectively prayed the court to instruct the jury in accordance with their claims. The court charged the jury that the principal question for their consideration was, whether the assessment lists complained of were or were not void; that the cattle were taxable in Goshen and were not taxable in North Canaan, and the lists in which they were assessed were void, and the plaintiff entitled to recover, unless by the declarations and conduct of his agent duly authorized to make them, or by his own declarations or conduct, he had induced or caused the assessors of North Canaan to assess the cattle there, and so estopped himself from claiming that the lists were for that reason void; and left it to the jury to say whether the son was the agent of the father as claimed, and whether personally or through and

by the agency of the son, and by his declarations or conduct as claimed, he had induced or caused the assessments complained of, and thereby estopped himself from setting up the illegality of the assessments as a ground for recovery. The jury returned a verdict for the defendants, and the plaintiff moved for a new trial.

*Graves*, in support of the motion, contended that upon the facts there was clearly no estoppel; (citing *Landon* v. *Town of Litchfield*, 11 Conn., 263;) and that the judge erred in charging the jury that the plaintiff was estopped from claiming the assessments to be void if he had by his conduct, or by that of his agent, induced the assessors to place the cattle in the assessment lists, since such a result might have followed from conduct in which the plaintiff was entirely innocent and in which he had no intention of producing such a result; (citing *Danforth* v. *Adams*, 29 Conn., 107.)

*Granger*, with whom was *Hitchcock*, contra, contended that the charge was in conformity with the law of estoppel as laid down in *Goddard* v. *Town of Seymour*, 30 Conn., 394.

PARK, J. We think that manifest justice has been done in this case, and therefore a new trial ought not to be advised, although the court erred in the charge to the jury on the law of estoppel.

The court charged the jury, substantially, that if the plaintiff by his declarations and conduct induced or caused the assessors of the town of North Canaan to enter the cattle in the assessment lists of that town, he was estopped from denying the legality of the assessment.

As a legal proposition the charge is erroneous. It is not true that all declarations and conduct that have the effect to mislead another to his injury will be sufficient to create an estoppel. Slight causes, based upon innocent conduct and declarations, sometimes produce such results. The law on this subject is well settled by the cases of *Whittaker* v. *Will-*

*iams*, 20 Conn., 104, *Preston* v. *Mann*, 25 id., 118, and *Danforth* v. *Adams*, 29 id., 107.

But, notwithstanding the charge of the court, we think that manifest justice has been done. We think the facts of the case show that the plaintiff assented to the acts of the assessors of the town of North Canaan in putting the cattle in the assessment lists of that town, in the years of 1862 and 1863, at the time the acts were done, and the plaintiff therefore is now estopped from denying the legality of the assessments.

For six consecutive years next preceding 1862, the cattle of the plaintiff had been entered in the assessment lists of that town, and the tax upon them had been regularly paid by the plaintiff, without complaint; and in the year 1861 the son of the plaintiff, acting as his agent, entered the cattle in the lists of the town, with the knowledge and consent of the plaintiff. The plaintiff, therefore, had every reason to expect that the cattle would continue to be entered in the assessment lists of that town, unless he made known to the assessors his objections to such course. It was reasonably certain that his conduct would produce such result, and induce the belief that he desired such course should be taken. Every person of ordinary understanding would have so reasoned under the circumstances, and the plaintiff must therefore be taken to have so considered the subject. His silence shows that he assented to what was done.

This is further shown by the fact, that after the assessment had been made, the plaintiff offered to pay the tax upon the cattle, without the least objection to the legality of the assessment. At that time he questioned only the right of the town to tax the college lands belonging to him.

In the case of *Smith* v. *Smith*, 30 Conn., 111, a minor son made a contract for his services, and in the agreement it was stipulated that his wages should be paid to himself. His father was entitled to the value of his labor, and knew the terms of the contract, and although he resided in the vicinity made no objection thereto till after the son had been paid, when he claimed the contract price. It was held that his

silence showed that he assented to the contract, and he was held to be estopped from claiming the wages of the son.    See also *Goddard* v. *Town of Seymour*, 30 Conn., 394.

We do not advise a new trial.

In this opinion the other judges concurred, except BUTLER, J., who having tried the case in the court below did not sit.