18   281
94   595

## THE STATE BANK OF WISCONSIN VS. THE CITY OF MILWAUKEE and others.

The " capital stock" of a bank, upon which, under the banking law of this state, a certain per cent. is to be paid annually, in lieu of all other taxation, is the amount of funds paid in by the stockholders to be used by the banking association for banking purposes.

The " accumulated profits" of a bank, which have never been divided among the stockholders, but have been retained for banking purposes, are not a part of its capital stock in such a sense as to be exempt from the general rules of taxation applicable to other taxable property.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to restrain the defendants (*The City of Milwaukee,* and the mayor and treasurer of said city) from enforcing the collection of a tax upon personal property of the plaintiff, alleged to form a portion of its capital stock. The circuit court found for the plaintiff, and rendered judgment accordingly, and the defendants appealed. The facts upon which the question at issue here arises, will sufficiently appear from the opinion of this court.

*Jas. G. Jenkins,* City Attorney, for the appellants, cited sec. 1, ch. 167, Laws of 1859, as amended by ch. 295, Laws of 1860 ; sec. 9 of same chapter ; *The State v. Morristown Fire Association,* 3 Zab., 195; and distinguished *Bank of Utica v. City of Utica,* 4 Paige, 400, and *Farmers' L. & T. Co. v. Mayor, &c. of N. Y.,* 7 Hill, 278, by reference to the language of the N. Y. statute, 1 R. S. of N. Y., p. 388, sec. 3, revision of 1829.

*W. P. Lynde*, for respondent, cited R. S., ch. 71, sec. 20; ch. 18, sec. 18; Laws of 1860, ch. 386, sec. 48; *State ex rel. Reedsburg Bank v. Hastings*, 12 Wis., 50; *Bank of Utica v. City of Utica*, 4 Paige, 399; *Farmers' L. & T. Co. v. Mayor &c. of N. Y.*, 7 Hill, 261; *Gordon v. Appeal Tax Court*, 3 How. (U. S.), 146; *Union Bank v. State*, 9 Yerger, 490; *State v. Morristown Fire Association*, 3 Zab., 195; *State v. Flavell*, 4 id., 370; *People ex rel. McMaster &c. v. Sup'rs Niagara Co.*, 4 Hill, 20; *Gordon v. Mayor &c. of Baltimore*, 5 Gill, 231; Cases of Taxation, 12 Gill & J., 117; Ang. & A. on Corp., § 469.

*By the Court*, COLE, J. No question is raised in this case as to whether a court of equity should interfere to restrain the collection of a tax upon personal property even where such tax is unauthorized and void. Where that objection is properly taken, it has been held to be insurmountable. *Van Cott v. Supervisors of Milwaukee Co.*, ante, p. 247. The question of jurisdiction is therefore waived in this cause, the defendants having answered and submitted to the jurisdiction of the court. Under these circumstances we suppose we are authorized to proceed and examine the case upon the merits.

The respondent is a banking association organized under the provisions of our general banking law and doing business in the city of Milwaukee. The city authorities have imposed a tax upon about twenty thousand dollars of accumulated profits owned and retained by the bank for banking purposes and not divided among its stockholders. The bank contends that this fund is a part of its capital stock, and exempt from local taxation by the banking law. Whether it is or not, is the only question we have to consider.

Section 20 of the general banking law, p. 464, R. S., reads as follows: "Every bank and banking association organized under the provisions of this chapter, shall pay the state treasurer, on the first day of January and July of each year, a semiannual tax of three fourths of one per centum on the amount

of capital stock of such bank or banking association. Said capital stock shall be exempt from all other taxes, except on that portion of said capital stock which shall consist of and include the real property of such bank or banking association ; and the real property of all banks or banking associations shall be assessed and taxed in the city, ward, village or town where the same is located, for all state, county, town and corporation purposes, in the name of such bank or banking association ; provided, that the owner or holder of shares in stock in any bank or banking association shall not be taxed as an individual for such shares of stock."

In the first and second sections of this act, prescribing the terms and conditions upon which banking associations may become incorporated, among other things it is declared, that the aggregate of the *capital stock* of any such association shall not be less than twenty-five thousand dollars, nor more than five hundred thousand dollars," and the certificate must specify " the amount of capital stock of such association, and the number of shares into which the same shall be divided."

It may be well to remark here that, with certain exemptions, our revenue laws subject to taxation " *all personal property*," and say that language shall include among other items " the capital stock, undivided profits, and all other means not forming a part of the capital stock, of every company, incorporated or unincorporated and every share or interest in such stock, profits or means, by whatever name the same may be designated." Sections 1 and 2, chap. 167, Laws of 1859. " No person shall be required to include in his list of personal property, any portion of the capital stock of any company or corporation which is by law exempt from taxation, or which is required to list its capital and other personal property, as a company or corporation, nor any portion of the capital stock of any company or corporation which is required by law to pay tax on its capital, profits, or dividends, &c." Sec. 9. "The capital stock paid in and remaining as capital stock, un-

diminished by losses, inclusive of the value of all other personal property belonging to any banking or joint stock company, that shall have been or may hereafter be incorporated in this state, shall be listed for taxation by the principal accountant officer of such company, in the town or city where the principal office of such company is kept, and taxed as other personal property belonging to natural persons is required to be taxed ; provided that this section shall not apply to any such company whose charter or act of incorporation may have guaranteed exemption from taxation, or shall have provided another mode for taxing the same." Section 49, chap. 167, Laws of 1859.

The above are all the material provisions of our statutes to which our attention has been directed, and which seem to have a bearing upon the point we are considering. And although not absolutely clear upon the question, still we think they leave but little room to doubt that the accumulated profits of a bank are not in such a sense its "capital stock" as to be exempt from taxation. The "capital stock" of a bank, as those words are used in the banking law, have reference to the funds paid in by the stockholders to be used and managed by the association for banking purposes. The law fixes a maximum and minimum limit to the aggregate capital which shall thus be contributed to each association. The law likewise clearly contemplates that the amount of capital stock fixed in the certificate shall be paid in at the organization of the corporation, and it is upon this gross sum that a semi-annual tax of three-fourths of one per centum is to be paid to the state treasurer. This tax is doubtless paid by these corporations as a compensation for the special privileges granted them by the state, and as a fair equivalent for the exemption from local taxation upon their property. And the capital stock paid in was adopted as the standard. If a part of the capital paid in should be lost, this circumstance does not diminish the amount of tax the bank must pay. And if the bank is successful and accu-

mulates profits, those profits are liable to taxation like any other property, though in a certain sense they may be said to constitute a portion of its capital. And this is so merely because the legislature adopts the amount originally paid in by the stockholders as the "capital stock" of the association, and to which the exemption shall apply. This amount is assumed as the standard upon which the semi-annual tax is paid; and though a portion of the capital may be lost, as already stated, this does not diminish the burden of taxation. The bank can only be relieved by applying to the legislature to reduce the nominal to the actual amount of capital. And if income or profit is realized from the capital stock, such accumulated fund is not exempt, but falls at once into the mass of other taxable property.

We have examined all the authorities cited on the brief of counsel for the respondent, but see nothing in them to change our view of our statutes.

The judgment of the circuit court must be reversed, and the cause remanded with directions to dismiss the complaint.