WESTCHESTER COUNTY.—HON. OWEN T. COFFIN,
SURROGATE.—April, 1888.

JENKINS *v.* SHAFFER.

*In the matter of the estate of* CATHARINE SHAFFER,
*deceased.*

A temporary administrator cannot saddle upon his decedent's estate a fee
paid by him to an indemnity company as the consideration for its
going bail for him,—the expenditure being neither within the line of
his duty as a prospective representative, nor necessary and reasonable,
within the meaning of Code Civ. Pro., § 2562.

PENDING a contest over an alleged will of dece-
dent, which was finally refused probate, James H.
Jenkins was appointed temporary administrator, giv-
ing a bond with the New York Bond & Indemnity
Company as the surety. On his accounting, he
claimed, as a charge against the estate, the sum of
$45, which he paid said Company to become such
surety. This item was objected to by George W.
Shaffer, the surviving husband of the deceased.

JOSEPH H. PORTER, *for temporary administrator.*

JACOB FROMME, *for contestant.*

THE SURROGATE.—The objection seems to be well
taken. It would not appear that the expenditure could
fairly be held to be comprehended within the lines of
his duty as a prospective representative ; nor as being
necessary and reasonable, under § 2562. If he could

be allowed a sum paid to any such company for such a purpose, he might, with equal propriety, be allowed any like sum paid to individuals to become his sureties. It seems to be a matter entirely personal to the administrator. If he cannot furnish the necessary bond, he cannot receive his appointment. The estate or persons in interest, are under no obligation to refund to him the money he may have expended in procuring his sureties, whoever or whatever they may be. The item is, therefore, disallowed.