GERHARD H. BICK, AS ADMINISTRATOR, ETC., OF HENRY BICK, DECEASED, APPELLANT, *v.* CATHARINE REESE, RESPONDENT.

*Surety company — the amount paid to it for furnishing a statutory undertaking is not a taxable disbursement.*

The amount paid to a surety company which, pursuant to chapter 486 of the Laws of 1881 and section 811 of the Code of Civil Procedure, furnishes the requisite statutory undertaking given by the plaintiff in order to replevy certain chattels, in an action in which the plaintiff finally succeeds, is not properly inserted, as an item of disbursement in the action, in the plaintiff's bill of costs submitted to the clerk for taxation therein.

APPEAL by the plaintiff from an order of the Special Term of the Supreme Court, entered in the office of the clerk of the county of New York on April 27, 1888, which affirmed the clerk's taxation of plaintiff's costs in disallowing the item of $125 paid the American Surety Company, which had executed the undertaking on behalf of the plaintiff, in an action in which certain chattels had been replevied by him.

*D. M. Porter*, for the appellant.

*Jonathan Marshall*, for the respondent.

BARTLETT, J. :

This suit was brought to recover from the defendant certain chattels in her possession, to which she claimed title as gifts *causa mortis* from the plaintiff's intestate. In order to replevy the chattels the plaintiff procured the American Surety Company to furnish the requisite statutory undertaking, and for this service paid that corporation $125. The plaintiff succeeded in the action, and, in his bill of costs, inserted this amount as one of the necessary disbursements which he had made in the case. The clerk refused to tax it, and his refusal has been sustained by the court at Special Term.

We think the clerk and the court below were clearly right in disallowing the item. The undertaking in replevin was given by the American Surety Company pursuant to chapter 486 of the Laws of 1881, and chapter 416 of the Laws of 1886, which latter act amends section 811 of the Code of Civil Procedure. In neither of these statutes is anything to be found which indicates an intention on the

part of the legislature to prefer fidelity or surety companies over private persons who act as sureties. It cannot be inferred that there was any design to place such corporations in any more favorable position under the law than that which would be occupied by individuals who executed similar instruments. It would seem plain, therefore, that no payment to a corporation for acting as a surety can properly be taxed as a disbursement in an action unless a similar payment, if made to a person for acting as such surety, could properly be taxed. But it has never been supposed or even suggested in any case, so far as we are aware, that the expense of procuring an individual to become a surety on a bond or undertaking, was taxable as a part of the necessary disbursements in an action. Whenever such expenditures are requisite, they must be borne by the party who finds it necessary to incur them. There is no practice or provision of law which authorizes the court to impose them upon the adverse party. The fact that the legislature has authorized surety companies to execute bonds and undertakings as a matter of business, and, therefore, presumably for gain, constitutes no reason why any distinction should be made in favor of litigants who avail themselves of the services of such corporations. The intent of the laws on the subject seems to be simply to permit these companies to do what formerly could be done only by individuals; but not to place them in a position which will induce litigants to have recourse to them rather than to private persons, as would be the case if compensation paid to such companies for acting as surety could be recovered as part of the costs in a suit, while similar compensation paid to private persons is not recoverable. In order to justify the clerk in disallowing the item in question, it was not necessary that the defendant should present any affidavit disputing the facts set out in the affidavit of the plaintiff's attorney, for it sufficiently appeared by this affidavit that the disbursement was one which could not properly be taxed, even assuming that the expenditure which it represented was in all respects rightful as between the plaintiff and the estate of which he is the administrator.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., concurred.

Order affirmed, with ten dollars costs and disbursements.