## Elizabeth G. Eby's Estate.    Wm. H. Eby's Appeal.

*Administrators—Expenses of entering security—Commissions.*

An administrator is not entitled to credit for money paid to a corporation for becoming his surety as administrator, or for becoming his surety as trustee to sell real estate in proceedings in partition.

Recent legislation which enables certain corporations to become sureties, does not increase the compensation of an administrator or trustee, or in any manner affect the liability of the estate to him.

Argued May 28, 1894. Appeals, Nos. 1 and 2, May T., 1894, by administrator, from decree of O. C. Dauphin Co., dismissing exceptions to adjudication. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to adjudication. Before SIMONTON, P. J.

From the report of the auditor, H. M. Graydon, Esq., it appeared that accountant claimed credit for $110 paid to the American Surety Co., for becoming his surety on his bond as administrator, and for $1,530, for becoming his surety as trustee to sell real estate in proceedings in partition. The auditor refused to allow the credits. Exceptions to the auditor's report were overruled, and a decree entered confirming the report.

*Error assigned* was above decree.

*L. W. Hall, Francis Jordan* with him, for appellant, cited: Miller's Est., 2 Dist. R 410.

*John E. Patterson*, for appellees, cited : Wilson's Est., 1 Pa. C. C. R. 509.

OPINION BY MR. JUSTICE McCOLLUM, Oct. 1, 1894 :

We cannot ascertain from the paper-books what compensation the appellant received as administrator or trustee. He filed two accounts, in one of which he claimed credit for $110 paid to a corporation for becoming his surety as administrator, and in the other he claimed credit for $1,530 paid to it for becoming his surety as trustee. The sums so paid amounted to one and a half per cent on all moneys received by him as administrator and on all moneys realized by his sale of the real estate. As it is not alleged that the compensation he received for his services was less than the customary allowance to trustees, we may reasonably conclude that the sums he paid to his surety, and with which he seeks to charge the estate, are in addition to such allowance. The commissions paid to an administrator or other trustee are intended as compensation for the responsibility involved in the acceptance of the trust and for services rendered in the administration of it. The law contemplates and the courts award, in the form of commissions or otherwise, proper remuneration for both. But there is no precedent in our decisions nor warrant in the law for charging the estate for services rendered or time and money expended in procuring the bond which the trustee is required to give. The ability to give this bond is in the nature of a qualification for the office. The execution and approval of the bond constitute a condition precedent to acceptance of the responsibilities and entrance upon the duties of the trust. There is a broad and plain distinction between a claim for services rendered and money expended in execution of a trust and a claim for labor and expenditures incurred to enable a person to become trustee. Public officials who are required to give bonds for the faithful performance of their duties as such, do not furnish them at the expense of the county, state, or nation, nor should trustees who are required to give them do so at the expense of the estate or trust fund. Strictly speaking there is no apparent reason why the latter should furnish bonds at the expense of the estate, and the former should furnish them at their own expense. The law does not so discriminate between them. In either case the

bond is given to enable the principal obligor to hold a position of trust and to secure the proper performance of the duties which pertain to it.

It is probable that this litigation is due to the comparatively recent legislation which enables certain corporations to become sureties. But the privilege thus granted to them does not increase the compensation of an administrator or trustee, or in any manner affect the liability of the estate to him. The law on the subject of compensation to trustees is the same now as before the legislation referred to. We regard the language of Judge ASHMAN in Wilson's Estate, 1 Pa. C. C. R. 509, as applicable to our question, and we therefore quote it in this connection. He said: "When an administrator accepts his office, he impliedly asserts his ability to fulfill its obligations, among which the first in order is the entering of security. He also impliedly admits the adequacy of the compensation which the law has affixed to the performance of his duties. Why a compensation which has hitherto been supposed to pay for all services does not cover a service which is so personal to the ac-. countant that until he has rendered it he could do no official act and claim no official pay, we are unable to see. If the accountants in the case in hand were unable to obtain security, they were ineligible to become administrators; if they chose to incur expense in order to qualify, they did so presumably because the office was worth the outlay."

We are unable to discover any reasonable ground on which to charge the estate with the money paid to the corporation for becoming surety for the appellant as trustee to sell the real estate under proceedings in partition. If it be conceded that by virtue of his office as administrator he was entitled to have and execute the order of sale, it must also be admitted that he was not bound to do so. He might have declined to execute it and thus cast upon the court the duty of appointing some one else to make the sale. In the sense that he was a volunteer in accepting the position of administrator he was a volunteer in becoming a trustee to sell the real estate. He accepted each trust with the knowledge of the compensation allowed for the proper performance of its duties, and of the conditions precedent to the possession and exercise of its powers. It would therefore be inconsistent and unreasonable to charge the estate

with the money paid to the surety in one case and refuse to charge it with a like payment in another. In this case the appellant was compensated for his services as executor and trustee in the form of commissions claimed by him in the accounts filed. These have been regarded hitherto as sufficient compensation for all his services in connection with the trust. The additional charge for labor and expense incurred in procuring bonds has no sanction in the decisions of this court or in the legislation applicable to the administration and settlement of trust estates. For these reasons we overrule the specifications of error.

Decree affirmed and appeals dismissed at the cost of the appellant.