Hamacker and others vs. Commercial Bank and others.

HAMACKER and others vs. COMMERCIAL BANK and others.

*February 5 — February 23, 1897.*

*Receiver, accounting by: Payment of taxes: Payment to surety company.*

1. A receiver, appointed in an action to have a bank declared insolvent, cannot resist payment of a tax assessed against such bank, which is based on a property statement made by its cashier to the assessor in good faith before its insolvency, because the bank is estopped by such statement, even though it had in fact no property liable to taxation,— the property listed being its own bank stock which ought to have been assessed to the stockholders,— and the receiver is also estopped thereby. He, therefore, should be credited on his accounting with the amount paid on such tax, even though he made it without authority previously obtained

2. A receiver, on whose bond a surety company has become surety, as authorized by ch. 196, Laws of 1893, is entitled to be credited with the amount paid by him to such company for that service, provided the sum be reasonable as limited by ch. 219, Laws of 1895.

APPEALS from an order of the circuit court for Portage county: CHAS. M. WEBB, Circuit Judge. *Affirmed in part; reversed in part.*

This is an action under sec. 3218 *et seq.*, R. S., brought by a creditor to wind up the affairs of the Commercial Bank of Stevens Point, an insolvent state banking corporation. One *Malick* was appointed receiver by consent at the time of the commencement of the action, and took possession of the assets about April 1, 1895. He gave bond as a receiver, signed by the American Surety Company as sole surety. He resigned in August, 1895, and filed his account, and one *Pfiffner* was appointed receiver in his stead. By his account it appeared that *Malick* had paid a personal property tax assessed against the bank for the year 1894, amounting to $1,237.70, and that he had paid $603.38 to the surety company for signing his bond as receiver. These items were objected to by intervening creditors and the second

Hamacker and others vs. Commercial Bank and others.

receiver, and upon hearing the court disallowed the first of said items, but allowed the second. Thereupon *Malick* appealed from that part of the order disallowing the item paid for taxes, and *Pfiffner* and the intervening creditors appealed from that part of the order allowing the item paid the surety company for signing the bond.

For the first receiver, *Malick*, on his appeal, there was a brief by *Raymond, Lamoreux & Park*, and oral argument by *B. B. Park*. They argued, *inter alia*, that the assessment was made long before the bank became insolvent. The records showed a legal tax, legally imposed, and it was the duty of the receiver to pay. He should be protected in so doing. The bank was estopped by its cashier's statement of personal property from contesting the validity of the tax, and the receiver stands in no better position. 25 Am. & Eng. Ency. of Law, 209, 451; *Lake Co. v. Sulphur Bank*, 66 Cal. 17; *People ex rel. Johnson v. Atkinson*, 103 Ill. 45; *Sage v. Burlingame*, 74 Mich. 120; *Faribault Water Works Co. v. Rice Co.* 44 Minn. 12. The stockholders are also estopped. *People v. S. & C. R. Co.* 49 Cal. 414; *Ives v. North Canaan*, 33 Conn. 402. The tax was a preferred claim, and the receiver had a right to pay it by virtue of his appointment, without any further order. *Marathon Co. v. Barnes*, 86 Wis. 667. The receiver was entitled to be allowed the amount paid to the surety company. The authority for it to furnish the bond is given by ch. 196, Laws of 1893, and the payment to it of a reasonable sum for so doing is authorized by ch. 219, Laws of 1895. The amount paid was reasonable.

For the second receiver, the stockholders and the creditors, there was a brief by *Brennan, Synon & Frost*, and oral argument by *John H. Brennan*. They contended that the tax was void on its face, being upon the bank stock, which the law requires to be taxed to the owners. The receiver had no right to pay claims without an order of the court. 20 Am. & Eng. Ency. of Law, 113, 117, 120; *John-*

*son v. Gunter*, 6 Bush (Ky.), 534; *Ricks v. Broyles*, 78 Ga. 610; High, Receivers (3d ed.), § 798; *Hooper v. Winston*, 24 Ill. 353; Circuit Court Rule XXVIII, sec. 2. The property in his hands was *in custodia legis*, and the officer demanding payment of the tax could not have levied thereon. *In re Tyler*, 149 U. S. 164; *Ex parte Chamberlain*, 55 Fed. Rep. 704; *De Winton v. Mayor of Brecon*, 28 Beav. 200. The bank was not estopped by the statement made by its cashier, that act not being within the scope of his authority. 17 Am. & Eng. Ency. of Law, 157; *Alexander v. Cauldwell*, 83 N. Y. 480; *Allegheny Co. Workhouse v. Moore*, 95 Pa. St. 408; *Hanf v. N. W. M. A. Asso.* 76 Wis. 450. There was no estoppel unless the city and its officers were induced to do or omit some act by such statement. 7 Am. & Eng. Ency. of Law, 16–18; *Warder v. Baldwin*, 51 Wis. 450; *Gove v. White*, 20 id. 425. The payment was made before the action was properly begun by bringing in the stockholders. *Adler v. Milwaukee Patent Brick Mfg. Co.* 13 Wis. 57; *Coleman v. White*, 14 id. 700; *Carpenter v. Marine Bank*, id. 705, note. Advice of counsel did not justify his action. *Smith v. Cook*, 39 Ga. 191; *Capet v. Parker*, 3 Sandf. 662; *Myers v. State*, 46 Ohio St. 473. The payment to the surety company was within the prohibition of Circuit Court Rule XXVIII, sec. 2, and that rule is by secs. 3219, 3224, R. S., extended to receivers appointed in actions like this. The bond was approved by the county judge, who had no power to approve it. Under sec. 2815, R. S., as amended by subch. 24, ch. 194, Laws of 1879, only the circuit *court* could make the appointment or approve the bond. *Newman v. Hammond*, 46 Ind. 119. The court was never called upon to decide whether the sum paid was reasonable.

WINSLOW, J.    1. The city taxes (if enforceable) were a preferred claim against the estate, but by statute they should be paid only pursuant to order of the court contained in the

Hamacker and others vs. Commercial Bank and others.

final judgment in the action. R. S. secs. 3225–3245. Though the payment was unauthorized when made, still if the fact appeared that the claim was a valid one against the estate, and one that must necessarily be allowed and paid, the court will not disallow the payment because made without authority previously obtained. *Brown v. Hazlehurst*, 54 Md. 26; *Thompson v. Phenix Ins. Co.* 136 U. S. 287; High, Receivers (3d ed.), § 798. The question as to the allowance of this item, therefore, becomes simply an inquiry as to whether it appeared that the charge was one that must at some time necessarily be paid out of the estate. It is not claimed but that there will be ample funds to pay all preferred claims, but it is said that the tax was illegal and void, and could not be enforced against the estate, and hence that the receiver should not have paid it. As to the legality of the tax, the facts were that the bank had no personal property subject to taxation. Its capital stock was $60,000; it had no surplus or real estate. The stockholders should have been taxed on the value of their shares. Laws of 1866, ch. 102; S. & B. Ann. Stats. p. 1218; *Second Ward Sav. Bank v. Milwaukee*, 94 Wis. 587. But this was not done. For years, in the city of Stevens Point, the method of bank taxation has been as follows: The whole amount of capital stock and surplus, if any, were added together. From this sum were deducted the United States bonds and the bank building, and the amount remaining was divided by three, and the quotient was entered on the assessment roll as the taxable property of the bank. In the present instance the bank had no surplus, bonds, or real estate. The cashier made a property statement to the assessor in which he listed for taxation personal property not exempt, $20,000. The assessor put on his roll two items, as follows:

Value of bank stock................... $20,000.
Total value of all personal property..... $20,000.

Upon the tax roll the bank was assessed directly as the

owner of personal property valued at $20,000, and the various items of taxes were carried out. Although this was an improper mode of taxation, we do not perceive how the bank could escape from paying the tax which was based upon a personal property return made by its own cashier. In such cases the principle of estoppel has been frequently applied, and certainly with justice. 25 Am. & Eng. Ency. of Law, 209; *Ives v. North Canaan,* 33 Conn. 402; *Republic L. Ins. Co. v. Pollak,* 75 Ill. 293; *People v. S. & C. R. Co.* 49 Cal. 414. If the bank could not question or resist the tax, no ground is perceived upon which the receiver could resist it. There is no evidence nor finding that the bank was insolvent in 1894, when the statement was made and the tax levied, nor is there anything to show that the return of the cashier was not made in entire good faith. Certainly, where there are no elements of fraud upon creditors in the transaction, the receiver stands in no better plight than the corporation itself. *McLaren v. First Nat. Bank,* 76 Wis. 259; High, Receivers (3d ed.), §§ 318–320.

2. We think the court was right in allowing the charge for obtaining the signature of the American Surety Company as surety on the bond. The execution of the bond by such a company as surety is authorized by ch. 196, Laws of 1893, and a reasonable charge therefor, not exceeding two per cent. per annum, is expressly authorized by ch. 219, Laws of 1895. We have nothing to do with the policy of the law. It was certainly competent for the legislature to make such a law, and we are to administer it in accordance with its plain intent. In this case the court required a bond of $80,000, with sufficient sureties to be approved by the county judge of Portage county. The bond was executed by *Malick* as principal, and by the surety company as surety, and approved by the designated officer. The amount allowed is apparently within the percentage allowed by the statute. Although the court does not in its order say that the sum

Cliver vs. Heil.

allowed is a reasonable one, the very fact of the allowance of the sum is, in effect, a declaration that it is reasonable. It follows from these views that the part of the order appealed from disallowing the item of $1,237.70 paid for taxes must be reversed, and that part allowing the item of $603.38 paid the surety company must be affirmed, and the cause remanded for further proceedings according to law. The costs are to be taxed and paid out of the estate.

*By the Court.*— It is so ordered.