## Adamson *v.* Parker.

### Opinion delivered February 4, 1905.

1. Administration—Sale of Land.—It was not error to refuse to grant an order for sale of lands of a testator where all the debts of the estate have been paid by the devisee, and only a small amount of costs of administration remains unpaid, if there is no showing that funds could not be realized from rents of the property to pay such costs, as it is the policy of the law not to permit the sale of lands of a decedent for any purpose when other funds or property is available and sufficient. (Page 170.)

2. Same—Necessity for.—Where the debts of an estate have been paid by the devisee, there is no reason for continuing the administration, and the letters may be revoked. (Page 171.)

3. Same—Revocation of Letters.—An administrator cannot complain of the revocation of his letters because his fees were not paid if it is not shown that he earned any except $1, and his settlement shows that he had more than that amount in his hands. (Page 171.)

4. Same—Expenses.—An administrator cannot charge the estate with the sum which he paid to a surety company to make his bond. (Page 171.)

5. Revocation of Letters—Clerk's Fees.—An administrator whose letters have been revoked cannot complain that the fees of the clerk have not been paid out of the estate, if it does not appear that they were advanced by him; nor can the clerk complain, if the estate was continued in administration by the appointment of an administrator *de bonis non*. (Page 171.)

6. APPEAL—COSTS.—Where an administrator stood upon an improper judgment of the probate court ordering payment to him of fees to which he was not entitled, as a condition upon which his letters should be revoked, he cannot complain of being adjudged to pay the costs of an appeal therefrom. (Page 171.)

7. ADMINISTRATION — COMPENSATION. — The statute fixes the compensation of an administrator at a certain percentage of the sums which pass through his hands for his entire trouble and risk in attending to the winding up of the estate; and if nothing passes through his hands, he is entitled to no fees, even though he may have been subjected to considerable trouble and annoyance in his preparation for the administration. (Page 171.)

Appeal from Pulaski Chancery Court, Second Division.

JOSEPH W. MARTIN, Judge.

Affirmed.

### STATEMENT BY THE COURT.

This is an appeal from a judgment of the circuit court rendered on appeal from the Pulaski Probate Court, refusing an order for the sale of lands of the decedent and revoking the letters of administration issued to appellant upon the estate of said David Lowe, deceased.

Lowe left a will, by which he gave all of his property to his wife for life, with remainder in fee to his brother, appellee Austin Parker. Upon application of a creditor of the estate, letters of administration with the will annexed were issued to appellant. The wife died, and appellee paid the debts of the estate, and filed his petition asking that appellant's letters of administration be revoked. The probate court granted the petition, and ordered the letters revoked, on condition that appellee pay to appellant $50 fees as administrator, and $25 fees of his attorney, and $10 amount paid by appellant to a surety company for making his bond as administrator, and the fees of the clerk of the court. The administrator had presented an application for sale of lands of the decedent, which the probate court granted, and the appellee here appealed to the circuit court from both orders.

On the trial in the circuit court, the order for sale of lands was refused, the letters of appellant were revoked, and it was further ordered that letters be issued by the probate court to appellee.

*W. C. Adamson* and *Rose, Hemingway & Rose,* for appellants.

The court erred in revoking the letters of administration.    14 Ark. 298; 44 Ark. 509.   The court erred in taxing the administrator with the costs of the proceedings.    31 Ark. 643; Sand. & H. Dig. § 214.

*James Coates* and *George W. Williams,* for appellee.

The appellant failed to make specific objections to the findings of fact or declarations, and there is nothing here for adjudication. 39 Ark. 221; 60 Ark. 250; 139 U. S. 222; 163 U. S. 468; 102 U. S. 120.   The overruling of a motion for a new trial is not subject of exception.   122 U. S. 24; 112 U. S. 670; 10 Wall. 516; 142 U. S. 128.    Conclusions of law must be excepted to.   70 Ark. 418.   An attorney employed by an administrator must look to him for pay.    61 Ark. 410; 64 Ark. 438; 67 Ark. 522; 62 Ark. 223.   Counsel must show prudence and good faith and beneficial action.   67 Ark. 430; 11 Am. & Eng. Enc. Law (2d Ed.), 1241. Powers of executors are derived exclusively from the will. Williams, Exrs. 554; 34 Ark. 462; 11 Am. & Eng. Enc. Law, 744. Administrators have no control of real estate, when not needed for the payment of debts.  ·  46 Ark. 373; 51 Ark. 84; 30 Ark. 778. And only for debts due by deceased personally, and not for expenses where there are no debts due.   52 Ark. 322; 58 L. R. A. 643.

McCulloch, J., (after stating the facts.)    1.   No necessity for the sale of real estate, either at the time of granting of the order in the probate court or the hearing in the circuit court, was shown.   All the debts of the estate had been paid by the devisee under the will, and, at most, only a small amount of the cost of administration remained unpaid.   No showing is made that funds could not be realized from rents of the property to pay the cost of administration.   If it be conceded that any part of the lands of the estate could have been legally sold to pay the cost of administration, the necessity for resorting to that procedure is not shown.    It is the policy of the law not to permit the sale of lands of a decedent by the administrator for any purpose when other funds or property are available and sufficient.

2. The debts of the decedent having been paid by the devisee, there was no further reason for continuing the administration, and the letters should have been revoked. Counsel for appellant complains here that his letters of administration should not have been revoked without payment of his fees and expenses incurred. It is not shown that he had earned any fees except a commission of $1 on the $10 which passed through his hands, and the only settlement account filed by appellant shows that he collected $10, and only paid out legitimately the sum of $3 expenses of administration. The item of $10 paid to the Security Company for bond was. not a proper charge against the estate, as it is incumbent upon the administrator to furnish his own bondsmen. It is also urged that the fees of the clerk of the probate court had not been paid, but it does not appear in proof that those fees had been paid by appellant. Nor is the clerk prejudiced by the revocation of the letters, as administration upon the estate is continued by the appointment of appellee; and if any fees are still due the clerk, his remedy for the collection thereof is still open.

Appellee also asks a reversal on the ground that the court erred in adjudging the cost of the appeal against him. The judgment in that respect was proper, as this is a contest between the devisee and the administrator concerning his right to continue the administration, and the cost of the litigation should not have been adjudged against the estate of the decedent. The appellant had stood upon an improper judgment of the probate court ordering payment to him of fees to which he was not entitled as a condition upon which the letters could be revoked and the administration discontinued. He cannot, therefore, complain of being adjudged to pay the costs of an appeal from that order.

The statute fixes the compensation of an administrator at a sum not exceeding 10 per cent. on the first thousand, 5 per cent. on the excess up to $5,000, and 3 per cent. on excess over $5,000, on all sums which pass through his hands, for his entire trouble and risk in attending to the winding up of the estate. Kirby's Digest, § 134; Ex parte Bell, 14 Ark. 76; Reynolds v. C. & B. Co., 30 Ark. 520. If nothing passes through his hands, he is entitled to no fees, even though he may have

been subjected to considerable trouble and annoyance in his preparation for the administration. He is, however, allowed reimbursement for any legitimate expense incurred.

Upon the whole, we find no error in the judgment of the circuit court, and the same is affirmed.