DAVIS *v.* BLUMENBERG.

[65 South. 503.]

1. APPEAL AND ERROR. *Presentation for review. Administratrix's ac-
counts. Exceptions. Executors and administrators. Accounting.
Premium on bond. Allowances. Payment of Taxes. Valuation
by appraisers. Partnership debts. Claims against estate. Suf-
ficiency of certificate.*

Where exceptions filed to the account of an administratrix *de bonis
non,* present a question of fact and not simply one of law, the
party presenting the exceptions to the supreme court for review
should set forth in his brief each exception upon which the
opinion of the court is desired, followed by a brief statement of
the reason why the exception should be sustained or overruled
and a citation to the pages of the record containing the evidence
relative to the item excepted to.

2. Executors and Administrators. *Accounting. Premium on bond. Allowance.*

A premium paid by an administratrix *de bonis non*, on a special bond executed by her in order to collect the money for which land had been sold by her predecessor, by order of the court, should be allowed, where such bond was not only necessary but had been approved by the court.

3. Executors and Administrators. *Payment of taxes. Allowances.*

Where taxes paid by an administratrix on land belonging to the estate constituted a personal debt against the owners thereof as well as a lien on the land, she was entitled to an allowance therefor on an accounting.

4. Accounting. *Valuation by appraisers. Conclusiveness.*

An administratrix on accounting, is chargeable for the actual value of property which has come into her hands, rather than for a less value fixed by the appraisers.

5. Executors and Administrators. *Accounting: Partnership debts.*

An administrator should be allowed credit for the payment of debts due by a firm of which deceased was a member, where it appears that the assets of the firm, upon the death of deceased, were turned over to his administrator and that the payments were made out of the proceeds thereof.

6. Claims Against Estate. *Sufficiency of affidavit.*

Where the affidavit to a claim in favor of a partnership is probated against an estate, the fact that such affidavit fails to show that the affiant is a member of the firm, does not render the payment of the claim improper, if such affiant is in fact a member of the firm.

7. Claim Against Estate. *Allowance. Sufficiency of certificate.*

Where the certificate of the clerk to claims probated against an estate, was not in the language of section 2106, Code 1906, in that it omitted the word "probated," this did not invalidate it, where in all other respects the statute had been complied with by the person presenting the claim; the word "probated," means merely that the claim has in the judgment of the clerk been proven in the manner required by law, and the omission being immaterial, since the fact that the clerk has allowed and registered the claim shows that he decided that it had been proven.

8. Expenditures. *Payment of taxes. Allowances.*

It was proper to allow the administrator credit for taxes paid by him on lands belonging to decedent at the time of his death,

107 Miss. 28

where such payment was not only properly made to protect the administrator and decedent's creditors in their right to subject the land to the payment of debts, but inured equally to the benefit of all heirs of decedent.

APPEAL from the chancery court of Leflore county.
HON. M. E. DENTON, Chancellor.

Exceptions were filed to the account of Mrs. Kate Blumenberg, as administratrix *de bonis non,* by H. H. Davis, and others and both sides except to a decree entered on the report of a commissioner to whom the account was referred.

Fred Blumenberg died intestate in 1905, leaving surviving him, as his only heirs at law, his brother, J. S. Blumenberg, and the children of a deceased sister, whose husband was H. H. Davis, the father and next friend of said minor children.

At the time of the death of Blumenberg, he owned large tracts of land in Leflore, Attala, and Grenada counties, and some personal property in Leflore county, consisting partly of money and partly of life stock and farming implements. His brother, J. S. Blumenberg, who inherited an undivided half interest in his estate, was appointed administrator and proceeded with the administration of the estate and the operation of the property. A large number of claims were probated against the estate, and it became necessary to sell a part of the realty in order to pay them. In the meantime the administrator operated the plantation property for several years, and before a deed was executed to the land sold, and before the lien for purchase price was discharged and other debts paid, J. S. Blumenberg died, and his wife, Mrs. Kate Blumenberg, was appointed administratrix *de bonis non.* She made a bond with a surety company and consummated the sale of land and collected the purchase price thereof. She rendered an accounting to the court, and appellants filed exceptions to her account, and it was referred to a commissioner,

who restated the account and filed his report, to which
the appellants still excepted, whereupon the court en-
tered a decree disallowing certain items of said report,
to which appellee excepted, and affirmed the report as
to other items, to which appellants excepted.

*Watkins & Watkins, Monroe McClurg* and *Roane &
Roane,* for appellants.

*Gwin & Mounger* and *E. V. Hughston,* for appellee.

PER CURIAM.   Most of the items of the accounts of the
administrator and of the administratrix *de bonis non*
were objected to by appellants, and a commissioner was
appointed to restate the accounts, and, upon the coming
in of his report, it appeared that most of the items of
the account, as restated by him, were again objected to
by appellants, and that objections had also been inter-
posed by the administratrix to the disallowance by the
commissioner of certain items of the accounts.   All of
these exceptions are presented to us for review.

The only way this court can intelligently pass upon
matters of this character is for counsel representing the
party presenting an exception to us for review to set
forth in his brief each exception upon which the opinion
of this court is desired, followed by a brief statement of
the reasons why the exception should be sustained or
overruled, and by a citation to the pages of the record
containing the evidence relating to the item excepted to.
It is, of course, unnecessary to do this, where the excep-
tions present no question of fact but simply one of law.
This plan has not been pursued with reference to some
of the exceptions presented to us by this record, and we
will therefore not attempt to deal with those not so pre-
sented, and must be understood as expressing an opin-
ion only on those matters herein specifically referred
to.   We find no error in the reduction of the first ad-
ministrator's fees from seven to four per cent.

The seventy-three dollars and thirty-five cents premium paid by the administratrix *de bonis non* on the special bond executed by her in order to collect the money for which the land had been sold by her predecessor by order of the court below should have been allowed. It was necessary for her to make this bond, and in addition it had been approved by the court.

Exception to the item of four hundred and sixty-six dollars and thirteen cents paid by the administratrix for the taxes on the land for the year 1909 should have been overruled, and she should have been allowed credit therefor, because, if for no other reason, the taxes on the land constituted a personal debt against the owners thereof, as well as a lien on the land, and appellants therefore have no cause of complaint because of the payment by the administratrix thereof.

A number of mules, the property of the decedent, came into the hands of the administrator and were not accounted for by him. Evidence was introduced showing that these mules were worth more than the value placed on them by the appraisers, and the court below very properly charged him with the actual value, as shown by the evidence, and not that fixed by the appraisers.

On the showing made, the allowance made the administratrix for attorney's fees seems to be excessive and should be reduced to an amount commensurate with the services shown to have been rendered.

No error was committed in the allowance of the item of four hundred and fifty dollars to J. S. Blumenberg for board of the decedent's mother prior to his death. It seems clear from the evidence that this lady was staying with Blumenberg under an agreement or understanding with the decedent that decedent would pay her board. At all events, we cannot say that the chancellor was in error in so holding.

Several of the items for which the administrator was allowed credit consisted of payments made of indebted-

ness due by the firm of Blumenberg & Jones. These credits were properly allowed, if the deceased was in fact a member of this firm, and if its assets, upon his death, were turned over to his administrator and, the payments made out of the proceeds thereof, as is stated in the brief of counsel for the administrator. We have not attempted to verify these facts, for the reason that the decree of the court below must be reversed on other grounds.

We find no error in the allowance of the item of one thousand nine hundred and thirty-one dollars and seventy-four cents paid by the administratrix on the judgment in favor of the Delta Bank against J. L. Haley and the former administrator.

Several of the accounts probated were in favor of partnerships, and it does not appear, from the affidavit thereto, that the person making it (the affidavit) was a member of the firm. This is immaterial, provided such person in fact was a member of the firm.

Section 2106 of the Code requires the clerk, in event he shall approve a claim sought to be probated against the estate of a decedent, to indorse upon it the following words:

"Probated and allowed for $——, and registered this —— day of ——, A. D. ——."

The certificate of the clerk to the claims probated against this estate was not in the statutory language, but was as follows:

"State of Mississippi, Leflore County, Chancery Court.

"I have this day examined the annexed account, and hereby allow the same, for the sum of thirteen & 95/100 dollars, with interest from maturity. Given under my hand and seal of said court this 19th day of September, 1905.                   "C. W. CROCKETT, Clerk."

The word "probate," in this connection, simply means that the account has, in the judgment of the clerk, been proven in the manner required by law, and the fact that

he allowed and registered it evidences the fact that he decided that it had been so proven, so that his omission to so certify is immaterial. We do not mean to depart from the strict construction heretofore given this statute, but to hold the certificate here complained of invalid would be to sacrifice substance to form, in a case wherein it is manifest that the statute had in all respects been complied with by the persons presenting the claims to be probated, and that the clerk, before allowing them, had so determined.

No error was committed in allowing the administrator credit for the taxes paid on lands owned by decedent at the time of his death, called in question by exceptions numbered 8, 9, and 10. The administrator had the right to pay these taxes in order to protect himself and the creditors of the decedent in their right to subject the land to the payment of the decedent's debts; and in addition the payment of these taxes inured equally to the benefit of all of the heirs of decedent, and therefore none of them are in position to complain.

No error was committed in overruling the exceptions based upon the disposition made by the administrator of the Jerry Miller note.

Reversed and remanded; costs here to be equally divided.

*Reversed and remanded.*