BIGLEBEN *et al. v.* HENRY *et al.*

(In Banc. April 24, 1944. Suggestion of Error Overruled Sept. 25, 1944.)

[17 So. (2d) 602. No. 35585.]

Ernest Kellner, of Greenville, Johnson & Allen, of Indianola, and Creekmore & Creekmore, of Jackson, for appellants.

Ben Wilkes and Farish, Keady & Branton, all of Greenville, for appellees.

Argued orally by **Rufus Creekmore**, for appellant.

**McGehee, J.**, delivered the opinion of the court.

The sole question here presented for decision is whether or not under the facts hereinafter set forth the proof of the probate in common form before the clerk in vacation of the purported last will and testament of Josephine Theresa Bigleben, deceased, was prima facie evidence of the validity of the will on the trial of an issue of devisavit vel non in the court below. A few days after the presentation to the clerk of the instrument and the affidavits of the subscribing witnesses thereto, the heirs at law of the alleged testatrix, other than the appellee, Mrs. Christine B. Henry, daughter of the deceased and sole beneficiary under her will, filed a contest or caveat against the same, alleging undue influence and lack of testamentary capacity. This action was taken subsequent to the entry of

the order by the clerk in vacation admitting the instrument to probate, the issuance of letters of executorship and the administration of the oath to the executrix named therein, but prior to the convening of the next regular term of court on the first day of which the chancellor entered an order approving the acts of the clerk done in vacation.

It appears that upon the filing of the contest the contestants, who are the appellants here, also filed a motion under Section 1251, Code of 1942, Section 340, Code of 1930, seeking to obtain an order of the chancellor in vacation to suspend the orders and proceedings of the clerk until the trial could be had before the court; that upon notice to the other interested parties the contestants of the purported will obtained a hearing upon said motion in vacation, at which hearing the same was overruled. Thereafter and prior to the first day of the next regular term of the court the proponent of the alleged will filed her answer to the contest, denying the allegations of undue influence and lack of testamentary capacity of the testatrix.

On the first day of the said regular term of court the chancellor approved and confirmed all of the acts of the clerk in vacation, including the probate of the said instrument in common form before the clerk, and without further notice to the contestants in that behalf. Thereafter the issue of devisavit vel non was made up, a jury empaneled and the trial of the issue was proceeded with, when proponent offered in evidence, over the objection of the contestants, the probate of the instrument in common form before the clerk and the order of the chancellor approving the acts of the clerk done in vacation, and then rested her case. The contestants then made a motion that the court vacate its order whereby the acts of the clerk in vacation had been approved and confirmed, on the ground that the court was without authority to enter such order while the contest of the purported will was pending and unheard. This motion was overruled and

the contestants thereupon declined to offer any proof in support of their allegations of undue influence and lack of testamentary capacity. The motion which had been filed by the contestants in vacation to suspend the orders and proceedings had before the clerk, together with the order of the chancellor in vacation overruling the same, were then introduced by the proponent over the objection of the contestants, and whereupon both the proponent and the contestants requested a directed verdict in their favor respectively, and whereupon the court granted the peremptory instruction in favor of the proponent and, of course, refused that which had been requested by the contestants. From the decree entered pursuant to the verdict for the proponent in that behalf the contestants have prosecuted this appeal.

Section 507, Code of 1942, Section 1611, Code of 1930, provides as follows: ''On the trial of an issue made up to determine the validity of a will which has been duly admitted to probate, such probate shall be prima facie evidence of the validity of the will.''

Section 1251, Code of 1942, Section 340, Code of 1930, provides as follows: ''All acts, judgments, orders, or decrees made by the clerk in vacation or at rules, shall be subject to the approval or disapproval of the court of which he is clerk, and shall not be final until approved by the court. All such orders and proceedings of the clerk may, by order of the chancellor in vacation, be suspended until a hearing before him in court, and shall be subject to such orders and decrees as the court may make.''

Section 1248, Code of 1942, Section 337, Code of 1930, under the caption ''Acts clerk may perform at any time,'' provides, among other things, that the clerk may at any time ''take the proof of wills, admit wills to probate, in common form, grant letters testamentary,'' etc. It is also provided by said statute that the clerk ''may make all orders and issue all process necessary for the collection and preservation of estate of decedents.''

Section 504, Code of 1942; Section 1608, Code of 1930, reads as follows: "Any one desiring to contest a will presented for probate may do so before probate by entering in the clerk's office in which it shall be presented his objection to the probate thereof, and causing all parties interested and who do not join him in such objection to be made parties defendant; and thereupon the issue devisavit vel non shall be made up and tried, and proceedings had as in other like cases; and when an objection to the probate of a will has been made in writing, filed with the clerk, probate shall not be had of such will without notice to the objector."

The contestants complied with all the terms and provisions of the statute hereinbefore last quoted prior to the rendition of the order by the court wherein the acts of the clerk in vacation were approved and confirmed, unless it can be said that their action was not taken in that behalf "before probate."

It was held in the cases of Davis v. Blumenberg, 107 Miss. 432, 65 So. 503, and Stevens v. D. R. Dunlap Mercantile Co., 108 Miss. 690, 67 So. 160, 162, in defining what constitutes the "probate" of a claim against an estate, that: "The word 'probate,' in this connection, simply means that the account has, in the judgment of the clerk, been proven in the manner required by law, and the fact that he allowed and registered it evidences the fact that . . . it had been so proven . . ." Likewise in the case at bar the entry by the clerk of his order in vacation admitting to probate the instrument here involved was an adjudication by him that the said instrument had been duly proven by the presentation thereof with the affidavits of the subscribing witnesses thereto attached.

In view of the fact that Section 1248, Code of 1942, Section 337, Code of 1930, supra, empowers the clerk to take the proof of wills, admit them to probate in common form, grant letters testamentary, and to make all orders necessary for the collection and preservation of the

estates of decedents, and in view of the further fact that the issuance of letters testamentary to one who has duly qualified as executor or executrix under a purported will, has the effect of vesting in such person the prima facie authority to collect and preserve the assets of an estate, without regard to what distribution shall be ultimately made of such assets, we are of the opinion that such probate in common form before the clerk in vacation should be deemed prima facie evidence of the validity of the will unless and until its invalidity shall have been determined by the court. In so holding we are not unmindful that those desiring to file a caveat against the probate of a will under Section 504, Code of 1942, Section 1608, Code of 1930, supra, may not be able to avail themselves of the benefit of the provisions of this statute where a will is presented for probate in common form and is admitted to probate by the clerk without prior knowledge on the part of the would-be contestants that such an instrument is in existence, nevertheless the statute provides for the interception of the probate in those cases only where one desiring to contest a will has entered in the clerk's office his objection to the probate thereof "before probate." And we deem it unnecessary to discuss the numerous decisions cited in the briefs of counsel respectively, for the reason that it is to be conceded that the precise question here involved is one of first impression in this state and no decisions are called to our attention from other jurisdictions which are decisive of the issue before us.

From the foregoing views it necessarily follows that we are of the opinion that the action of the trial court in granting the peremptory instruction in favor of the proponent was correct and that the case must, therefore, be affirmed.

Affirmed.