RYLEE *v.* UNION & PLANTERS' BANK & TRUST CO. ·

[84 South. —. In Banc. No. 20991.]

1. APPEAL AND ERROR. *Decree approving probate of will in common form is interlocutory.*

   A decree of a chancery court approving the act of chancery clerk in probating a will in common form is an interlocutory decree.

2. APPEAL AND ERROR. *Chancellor may grant appeal from interlocutory order or decree to settle principles of cause.*

   An appeal may be granted by the chancellor from any interlocutory order or decree in order to settle the principles of a cause, where such appeal is applied for within ten days after the date of the order or decree. Section 35, Code of 1906, section 10, Hemingway's Code.

APPAL from chancery court of Tallahatchie County. HON. W. F. GEE, Chancellor.

Petition by the Union & Plainters' Bank & Trust Company for admission to probate in common form of the last will of Andrew Jackson Rylee, deceased. Letters testamentary, granted to petitioner, named as executor under the will, by the clerk of the chancery court, on which W. J. Rylee filed a motion to set aside the probate, and the executor moved to have the probate approved, and, from a decree confirming the probate and denying his motion, the chancellor granted an appeal to Rylce and denied the *supersedeas*. Appeal dismissed.

*J. W. Cutrer* and *Sam C. Cook, Jr.,* for appellant.

The present hearing is on the motion of the appellee to dismiss the appeal, because, as they say, it is an appeal from an interlocutory 'decree, which' must be prosecuted within ten days of the rendition thereof. Appellant denies that it is such a decree.

122 Miss.—25.

Appellee, in its brief refers the court to a consideration of section 35 of the Code of Mississippi of 1906, Hemingway's Code, section 10, which provides within what time a party aggrieved by an interlocutory order, may appeal, and, insists that the decree appealed from in this case, is an interlocutory order and not a final decree.

In support of his contention, appellee cites the court to consideration of the case of *Murray* v. *Murphy,* 39 Mississippi, 214, and insists that this pronouncement of the court supports his contention. We submit that this case has no application to the one at bar whatever. In that case at a regular term of the court a writing was admitted to probate as the last will and testament of one Robert Murray, deceased. Thereafter a petition was filed wherein it was sought to have the probate of the will set aside upon the ground that there were only two attesting witnesses to the will in effect. The petition was a bill for a review of the action of the court in admitting the will to probate in common form. The court simply held that a bill for review would not lie in such a case. The court said, among other things, that the admission of a will to probate in common form bound no one and that the remedy for the party who might seek to contest the validity of a will which had been admitted to probate in common form by the method prescribed by the statute.

It will be noted that in this case there was no *caveat* filed before the admission of the will to probate. In other words this will was properly admitted to probate by the court itself, and the court simply held in such a case that party was relegated to his remedy provided by the statute. The case before us has an altogether different aspect. At the common law there are two methods for the probating wills, that is, probate in common form, and probate in solemn form; probate in common form was always an *ex parte* proceeding and

bound no one, and at the common law a party who contested the probate of a will in common form could do so by filing a petition seeking that end, and then the original proponent of the will would have the burden upon him of proving the due execution of the will. By our statutes, this rule of the common law has been changed so that when a will has been admitted to probate, in common form, it is *prima-facie* evidence of the validity of the will. Under our law there are two methods by which a party may contest the validity of a will, which has been probated, or which will be offered for probate. One of these methods is for him to file before probate, a *caveat* to the will to be offered, and when the will is offered for probate, it thereupon becomes the duty of the court to make up the issue *devisavit vel non.* The other method is for him to wait until the will has been probated in common form and then within two years thereafter file a petition contesting the validity of the will. It will be noted that these methods constitute altogether different sorts of proceedings.

This is a case involving questions arising out of the probate of a will in common form. It was urged in the lower court that the appellant had availed himself within the time provided by law of his right to file a *caveat*, and thereby placed the burden of proof upon the appellee to prove the execution of the will. The court decided that the appellant had not done this. We submit that this action of the court was a final decree. It settled the controversy, growing out of the probate of the will in common form. There is no further action that the appellant could possibly take in this proceeding. The only remedy he has left is to file an altogether separate proceeding, that is, to institute a new suit, and, in that proceeding, the status of the parties, of course, will be very different from that he contends is his right to occupy in this proceeding. Of course the

only question involved in this motion is the finality of the decree referred to. The determination of the questions raised by the appellant on the trial, and which will be raised on appeal here, is properly deferred, until a hearing upon the merits of this cause. We contend as stated, that the decree of the court concluded the proceeding with reference to the probate of the will in common form.

Under the law appellant had a right to make himself a party to the proceedings by filing a *caveat* to the probate of the will as stated, and having made himself a party to that proceeding, he insists that certain rights accrued to him, and these rights were finally denied him by the decree of the court from which decree this appeal is prosecuted. Therefore, we submit that this is not an interlocutory order. For the reasons stated appellant submits that the motion of appellee should be denied.

*Sivley, Evans & McFadden* and *A. H. Stephens,* for appellee.

It is our contention that the decree approving the action of the clerk in vacation was simply an interlocutory order and not a final decree. On this point we have the decision of this honorable court directly on all fours with the question here presented.

We invite the court's attention to the case of *Murray* v. *Murphy,* 39 Miss. 219: Justice HANDY. speaking for the court, said: The probate is not a final adjudication of the validity of the will, but an incipient step necessary to enable the court to proceed to carry the will into execution. *Kelly* v. *Davis,* 37 Miss. 76. It is not conclusive against the heirs and distributees; and if they desire to contest the validity of the will. the statute prescribes the mode in which that shall be done, by an issue of *devisavit vel non.* If it appear by the record

that it has been admitted to probate generally, when it appears not to have been subscribed and proved by the number of witnesses requisite to its validity as to the personal estate.   But if it appears by the record to be attested and approved by three witnesses, a bill of review is not the proper mode of having it declared invalid as to the real estate, upon the face of the record, as was here attempted.   The remedy is that prescribed by the statute.

In answer to this objection it is said that the petition should be regarded as an application for an issue of *devisavit vel non.*   But that is plainly not its character; it does not pray for an issue to be tried, but alleges that the probate is "erroneous" as to the real estate, and prays that it may be "reviewed and reversed" as to the real estate.

In determining whether a decree is interlocutory or final, this court has held as follows: "In order that a decree may be appealed from it must be final as to its subject." *Barrier* v. *Kelly,* 91 Miss. 266. We, therefore, contend under the first ground of this motion, that this appeal is from an interlocutory decree and was not applied for within ten days, as provided for by the statute.   Section 35, Code 1906, specifically provides that such appeal shall be applied for within ten days after the date of the order or decree complained of.

We respectfully refer the court to the decree sought to be appealed from. The date of this decree is May 2, 1919; the petition for appeal was filed June 2, 1919, thirty days after the decree was entered.

From the foregoing it is manifest that the decree was an interlocutory one, and that the petition for appeal was not filed within the ten days.   This court has repeatedly held that a failure to comply with the time limit fixed by the statute in perfecting an appeal from an interlocutory decree is fatal, and we insist that this

appeal should be dismissed. *Sowell* v. *Sowell,* 101 Miss. 623.; *Griffith* v. *Bourn,* 109 Miss. 360.

On the second ground urged for the dismissal of the appeal we contend that the appeal was improvidently granted and should be dismissed, wherefore it was an interlocutory decree, but not such a decree as is provided for in code 1906 section 35, Hemingways Code, section 10. The decree did not require money to be paid, the possession of property was not ordered charged, and the decree on its face, contains no statement or finding of the chancellor that this appeal is necessary to determine the principles of the case.

A careful review of the record discloses the fact that no injury can come to the appellant because of this decree, or the dismissal of this appeal. He is not precluded from contesting in any manner which he may see fit, the validity of this will.

We have heretofore stated that the decree appealed from undertook to adjudicate only one matter. That is to say, the probating of the will and the granting of letters testamentary. We do not deem it necessary to take up the other matters complained of in appellant's petition for appeal, because the decree does not attempt in any manner to adjudicate the various things therein set forth, and a discussion of these matters here is uncalled for.

We respectfully submit: First, that the appeal should not have been granted at all. Second, that, having been granted, it should be dismissed because it was not applied for within the time prescribed in the statute.

SYKES, J., delivered the opinion of the court.

The clerk of the chancery court of Tallahatchie county on the 14th day of April, 1919, upon the petition of the appellee bank admitted to probate in common form the last will and testament of Andrew Jackson Rylee and

granted letters testamentary to appellee, named as executor under the will. On the same day and after the issuance of these letters testamentary, appellant attempted to file a *caveat* against the probate of this will. On the next day appellant filed with the clerk an *ex parte* petition for probate in common form of another so-called last will and testament of deceased. No action was taken by the clerk with reference to the attempted *caveat* nor the attempt of appellant to probate in common form this second alleged will. Thereafter the appellant filed in the chancery court a motion to set aside the acts of the clerk in admitting to probate in common form the will in which appellee in made executor. The appellee also made a motion in court to have the acts of the clerk with reference to the probating of this will in common form approved. These two motions were heard together, and the court entered a decree denying the motion of appellant and granting that of the appellee and ratifying, approving, and confirming the acts of the clerk in admitting the will to probate in common form. This decree was entered on May 2, 1919. On June 2, 1919, appellant filed with the chancellor a petition for an appeal with *supersedeas* to this court. On June 26th the chancellor granted the appeal but denied the *supersedeas.* An appeal bond was approved by the clerk on the 1st day of September. The case is now before us upon motion of the appellee to dismiss the appeal.

It is contended by the appellee that the decree or order appealed from is not a final, but is an interlocutory, decree and was not applied for within ten days after its rendition as is provided in section 35, Code of 1906, section 10, Hemingway's Code.

The appellant contends that this is a final decree. The decree appealed from is an approval of the act of the clerk admitting this will to probate in common form and is an interlocutory decree. As is said in the opinion of

the court in the case of *Kelly* v. *Davis,* 37 Miss. 76, on page 103:

"The first probate of a will in this state is substantially after the same manner, and with the same effect, as the probate in common form in England; and it has been repeatedly held by this court, that such probate is a mere incipient step, necessary to enable the court to take steps to carry it into execution, but that it is not conclusive on heirs and distributees. *Hamberlin* v. *Terry,* 7 How. 143; *Cowden* v. *Dobyns,* 5 S. & M. 82; *Garner* v. *Lansford,* 12 Ib. 558. The statute prescribes the mode in which the heir or distributee shall proceed to impeach the will. It is to be done in the same court in which the probate was granted, and the issue to try the validity of the will is made up by that court, and directed to be tried. Bearing in mind that the first probate is a mere inceptive step towards the establishment of the will, and not conclusive upon the heir or distributee, what must be taken to be the effect of this proceeding in the court of probates? It is manifestly a re-examination of the question of the validity of the will, and a demand upon the parties claiming under it to establish it."

Again in the case of *Murray* v. *Murphy,* 39 Miss. 214, it is held that—"The probate is not a final adjudication of the validity of the will, but an incipient step necessary to enable the court to proceed to carry the will into execution. *Kelly* v. *Davis,* 37 Miss. 76. It is not conclusive against the heirs and distributees; and if they desire to contest the validity of the will, the statute prescribes the mode in which that shall be done, by an issue of *devisavit vel non.*"

It is established by these two decisions from which we have quoted, and by those referred to in them, that the probate of a will in common form is not a final adjudication of its validity, but is merely an incipient step necessary to enable the court to carry the will into

execution.   At the time of the rendition of these deci-
sions the law of the state relating thereto was practi-
cally the same as it is to-day, with the exception that
now under section 1999, Code 1906, section 1664. Heming-
way's Code, the probate of a will in common form in a
contest is *prima-facie* evidence of the validity of the
will.   This is merely a rule of evidence and in no wise
changes the character of this decree.

The motion is sustained, and the appeal dismissed.

*Dismissed.*