BURTON v. EUREKA BANK.

[84 South. 247.  In Banc.  No. 21103.]

APPEAL AND ERROR. *Judgment for interest and attorney's fees provided for by note will be entered on appeal.*

When a note provides for interest at a fixed rate and attorney's fees at a fixed rate, when placed in the hands of an attorney for collection, the verdict of the jury finding for the principal and expressly remitting the interest and attorney's fee is erroneous, and judgment will be entered here for the attorney's fee and interest provided in the note.

APPEAL from Circuit Court of Copiah County.

HON. D. M. MILLER, Judge.

Action on a note by the Eureka Bank against R. E. Burton. Verdict for plaintiff for the principal, disallowing interest and attorney's fees, and defendant appeals and plaintiff takes a cross-appeal. Affirmed on direct appeal, and reversed on cross-appeal, with judgment for plaintiff for attorney's fees and interest.

*H. J. Wilson*, for appellant.

The bank of Eureka sued R. C. Burton on a note in the circuit court of Copiah county. Burton in defense to

this note attempted to set up a collateral agreement that an executory contract constituted the consideration for this note; claiming that Wilkinson the payee, transferred this note to the Bank of Eureka in violation of this agreement or if not in violation of the agreement in violation of the spirit of the agreement, and therefore in breach of faith.

The note provides:

"Eureka, Mo., April 20, 1916.

"Nine months after this date I promise to pay to the order of W. T. Wilkinson, Nine Hundred Dollars at the Bank of Eureka, Eureka, Mo., with interest from date at the rate of 8% per annum until paid . . . and further agree that in case payment of this note shall not be made at maturity and the same is placed in the hands of an attorney for collection, they will pay the cost of collecting the note including an attorney's fee of 10% of the principal and interest thereof remaining unpaid.

(Sgd) R. C. BURTON."

The jury returned the following verdict: "We the jury find for the plaintiff the full amount of the note without interest and attorney's fees."

Thereby resolving in favor of plaintiff the main issue in the case, whether or not the note had been transferred in breach of faith or not. In fact this was the only issue. There was no separate defense made or argued with reference to interest and attorney's fees. The record shows that the defendant Burton relied entirely upon this alleged agreement as a defense to the whole note, and admitted his liability for the interest and attorney's fees if liable for the principal indebtedness. He had gone so far as to forward the Bank of Eureka a check for fifty-four dollars to cover interest for nine months on this note, and had only ordered the payment of this check stopped when the bank threatened to sue. That attorney's fees provided for in a note are recoverable is of course

undisputed, see 8 C. J. 1097, and numerous cases cited.
"Legal interest provided for in the instrument is re-
coverable as a part of the debt." 8 C. J. 1094, citing
*Conway* v. *Carpenter,* 58 Ind. 477; *Henderson* v. *McPike,*
35 Mo. 255. The amount due was not disputed, and
appellant offered no excuse for not paying interest and
attorney's fees, if his defense to the whole instrument
was not successful. Therefore if the jury found for the
appellee for the principal this would necessarily carry
with it a verdict for interest and attorney's. fees, which
are as much a part of the contract as the principal.
"Interest follows the principal as the shadow does the
substance, "*Hatcher* v. *Lewis,* 4 Rand. (Va.) 152, 157.

Under the topic "Province of Court and Jury" Cyc,
states the following rule: "Interest provided for by a
valid contract, express or implied, is recoverable as a
matter of right, and is not subject to the discretion of the
court or jury. 22 Cyc., 1579, citing numerous cases.

The action of the jury is inexplainable unless the error
was a mere clerical one, and they intended to render a
verdict for the plaintiff for the full amount of principal,
with, instead of without, interest and attorney's fee, or
considered Burton the victim of unfortunate circum-
stances and although they knew he was liable, sought to
lessen his liability by arbitrarily freeing him from the
payment of interest, etc. The Bank of Eureka made the
proper motion to the court to correct this error of the
jury whch was overruled.

We respectfully submit that this honorable court should
direct a judgment for the Bank of Eureka against R. C.
Burton for the principal of the notes together with
interest, attorney's fees and damages.

*J. H. Smyley,* for appellee.

We call the attention of the court to the following
sections of Mississippi. Code of 1906: Section 779.

Verdict may be reformed at bar, if informal or defective. If the verdict is informal or defective, the court may direct it to be reformed at the bar and where there has been a manifest miscalculated of interest, the court may direct a computation thereof at the bar, and the verdict may, if the jury assent thereto, be reformed in accordance with such computation.

Section 780. If verdict is not responsive, jury to deliberate further. If the verdict is not responsive to the issue submitted to the jury, the court shall call their attention thereto and send them back for further deliberation.

Section 781. Not error if verdict omit some things—if on an issue concerning several things in one count, a verdict be found for only part of them, it shall not be error, but the plaintiff shall be barred of his title to the things omitted.

We see from section 779, that where the jury intend to include interest and merely make a miscalculation of interest, the court has no legal power to reform and correct the verdict unless it be done at the bar and in the presence of the jury and the jury assent thereto.

In the case now before the court there was no miscalculation of interest; and there was clearly no intention on the part of the jury to include interest, but there was a clear and expressed intention not to allow interest or attorney's fee.

This section appears first in the Code of 1906 and was evidently enacted in accordance with the decisions of our court prior to that time. See *Buck* v. *Little et al.*, 24 Miss. 463. This was an action of *assumpsit* against the drawer of an inland bill of exchange. The jury returned a verdict for principal and interest, and after verdict the court on motion added five per centum damages, which the plaintiff claimed he had a right to recover under the law. The court says: It appears from bill of exceptions, that after verdict, upon motion of plaintiff, the court added

five per centum to the amount of the verdict and gave
judgment for amount of verdict and five per centum
additional. This was erroneous. Even if it were true, as
contended by counsel for defendant in error, that by
virtue of the act of May, 1837, Hutch. Code, art. 5, 642,
the plaintiff had a right to five per centum damages on
the bill of exchange, yet as the jury had found a verdict
for a specific sum of money, it was not competent for the
court to render a judgment for any greater amount.
All that the court should have done, was to set the verdict
aside and give the plaintiff a new trial. In adding to the
amount of the verdict, the court was assuming the
province of the jury.''

See, also, *Patrick* v. *Carr et al.,* 50 Miss. 199. This was
a suit on a promissory note, and the jury returned the
following verdict: ''We, the jury, find for the defendant
F. Carr, and against Wm. Carr, the amount of the note
and interest.'' The jury failed to calculate the interest
and on motion, the court directed the clerk to calculate
the interest and enter the verdict in form. The court say:
''The action of the court upon the verdict was an infor-
mality perhaps, but hardly an irregularity. The court does
not look with favor on so loose a practice. It is a careless
administration of justice, causes complaints, tends to
irregularities and errors, if not to abuses. Presumptively
in the case before us, the verdict was put in form in the
presence of the jury and with their assent.''

In this case the jury returned a verdict for principal
and interest, and yet the court held that for the trial
court to have the clerk to calculate the interest in the
presence of the jury and with their assent, while not
reversible error, did not meet with the court's approval.

In the case of *Buck* v. *Little, supra,* the court held, that
even if the plaintiff had a legal right to a fixed per
centum of damages, the court had no legal power to add
on the damages in a case where the jury found for a

specific sum and did not include damages. If this be true in a case where the jury simply fails to expressly include damages, then what legal right has any court to add to the verdict of the jury interest and attorney's fees, when they by their verdict expressly deny the plaintiff the right to recover interest and attorney's fees?

Section 779 of the Code of 1906, settles this question and leaves no room for argument. It plainly says "that where there has been a miscalculation of interest (that is, by the jury) the court may direct a computation thereof at bar, and the verdict may, if jury assent thereto, be reformed in accordance with such computation." This is intended to apply only in a case where the jury intended, and made an effort to include interest; and even then the jury must be present and assent to the action of the court.

If the attorney for plaintiff in the lower court was not satisfied with the verdict of the jury, he should then and there have made objection and had the jury sent back for further deliberation. No one can ever know what is in the minds of the jury or how they arrive at a verdict. No one can tell what this jury would have done had they been informed by the court that their verdict in that form was not satisfactory and had they been sent back for further deliberation. They might have failed to agree on any verdict or they might have returned a verdict for the defendant.

COOK, J., delivered the opinion of the court.

This case originated in the circuit court of Copiah county. The Eureka Bank brought suit against the appellant, R. E. Burton. The action was based upon the following promissory note executed by the appellant in favor of the payee, W. T. Wilkinson, and was by Wilkinson assigned to the Eureka Bank.

"$900.00                    Eureka, Mo., April 20, 1916.

"Nine months after date I promise to pay to the order of W. T. Wilkinson nine hundred dollars, at the Bank of Eureka, Eureka, Mo., with interest from date at the rate of eight per cent. per annum until paid. The makers, sureties, indorsers and guarantors of this note hereby severally waive demand, presentation for payment, notice of nonpayment, protest and of diligence in bringing suit against any party thereto, and consent that the time of payment may be extended without notice thereof, and further agree that in case payment of this note shall not be made at maturity and the same is placed in the hands of an attorney for collection, they will pay the costs of collecting this note, including an attorney's fee of ten per cent. of the principal and interest thereof remaining unpaid.

                                   "R. C. Burton."

Without going into the pleadings, we will state the alleged facts upon which Burton relied to escape the payment of the note. He testified that the note represented the agreed value of three Percheron mares which were shipped to him upon consignment; that he would undertake to sell the mares for certain sums; that in case he could not sell them Mr. Wilkinson agreed to cancel the note and take the mares back. The plaintiff introduced evidence to show that Burton bought the mares outright, and that the note represented the agreed price for the mares.

The jury evidently did not believe Burton and did believe Wilkinson. There was abundant evidence to sustain the verdict of the jury, and we think that the attendant circumstances supported the theory of plaintiff. The jury, however, as juries will sometimes do, decided not to allow interest and attorney's fee, which were provided for in the note. When the jury reached the conclusion that the plaintiff should recover, they necessarily discarded the testimony of the defendant, and

it was their plain duty to award interest and attorney's fees, as well as the principal.

There was an appeal by the defendant and a cross-appeal by the plaintiff. There is no merit in the appeal of defendant. The jury refused to accept his evidence.

The verdict for plaintiff carried with it the ten per cent. attorney's fees and the interest named in the note.

The case will be affirmed on appeal and reversed upon the cross-appeal, and a judgment here for the attorney's fee and interest.

Affirmed on direct appeal and reversed on cross-appeal, with judgment here.

*Affirmed on direct appeal.*

*Reversed on cross-appeal.*