In re ARMISTEAD'S ESTATE.

District Court, S. D. Mississippi, W. D.
Sept. 6, 1933.

St. Clair Adams, and St. Clair Adams, Jr., both of New Orleans, La., and Dabney & Dabney, of Vicksburg, Miss., for petitioner and contestee.

Brunini & Hirsch, of Vicksburg, Miss., and G. Garland Lyell, of Jackson, Miss., for contestant.

HOLMES, District Judge.

Upon the petition of Mrs. Willie Armistead Land, a citizen of Louisiana, the alleged last will and testament of her brother, Amos A. Armistead, deceased, late a citizen of Mississippi, residing in Warren county, was duly admitted to probate in common form by the chancery court of said county on July 24, 1933. In accordance with the provisions of said will, the petitioner, being the sole beneficiary thereunder, was immediately appointed executrix without bond. On the same day, Mrs. Mary E. Armistead Whitelaw, the only child and sole heir of the deceased but for said will, and a citizen of Mississippi, filed in the same court a petition to contest its validity upon the grounds of undue influence and lack of testamentary capacity. A petition to remove the contest to this court was filed by Mrs. Land individually and in her capacity as executrix. A motion to remand was made by the contestant, and, after full argument, has been submitted for decision.

The contest is authorized by section 1609 of the Mississippi Code of 1930, which provides: "Any person interested may, at any time within two years, by petition or bill, contest the validity of the will probated without notice; and an issue shall be made up and tried as other issues to determine whether the writing produced be the will of the testator or not; but if some person do not appear within two years to contest the will, the probate shall be final and forever binding, saving to infants," etc. The will in this case was probated without notice, and it is quite clear that the statute is applicable.

The precise contention of the removing defendant is that the statute authorizes an independent suit between the parties to contest the validity of the will, and that such suit need not be filed in the court where the will is probated, but may be brought in any court, state or federal, where other jurisdictional features are present. Such has not been the construction placed upon the statute by the highest court of this state. On the contrary, its decisions, as well as the uniform practice in this state, indicate that the contest must be filed in the court where the will is offered for probate, and is merely a supplementary proceeding. The chancery court in this state, as a court of equity, has no jurisdiction to try an issue devisavit vel non. Cowden v. Cowden, 2 How. (Miss.) 806; Hamberlin v. Terry, 7 How. (Miss.) 143. This is a power which has always belonged to the probate court. While it is true that under our Constitution and laws jurisdiction in matters testamentary and of administration is conferred upon the chancery court, as is also jurisdiction in matters of equity, there is no blending of the two powers. They remain separate and distinct. Jurisdiction in equity was not enlarged. As a court of chancery, matters testamentary and of administration are conducted not according to the forms and practice of a court of equity, but according to the formula laid down in the statutes for the transaction of probate business. It was not intended to retard the administration of estates with the delays that are necessary in ordinary suits in equity. Saxon v. Ames, 47 Miss. 565. The probate of a will without notice is not a final decree, and cannot be reviewed on appeal or by bill of review, because it is merely an incipient step in the probate proceedings. Murray v. Murphy, 39 Miss. 214; Martin v. Perkins, 56 Miss. 204; Rylee v. Union & Planters' Bank & Trust Company, 122 Miss. 385, 84 So. 247.

In Kelly v. Davis, 37 Miss. 76, the court said: "The first probate of a will in this State is substantially after the same manner, and with the same effect, as the probate in common form in England; and it has been repeatedly held by this court, that such probate is a mere incipient step, necessary to enable the court to take steps to carry it into execution, but that it is not conclusive on heirs and distributees. Hamberlin v. Terry, 7 How. [Miss.] 143; Cowden v. Dobyns, 5 Smedes & M. 82; Garner v. Lansford, 12 Smedes & M. 558. The statute prescribes the mode in which the heir or distributee shall proceed to impeach the will. It is to be done in the same court in which the probate was granted, and the issue to try the validity of the will is made up by that court, and directed to be tried. Bearing in mind that the first probate is a mere inceptive step towards the establishment of the will, and not conclusive upon the heir or distributee, what must be taken to be the effect of this proceeding in the Court of Probates? It is manifestly a re-examination of the question of the validity of the will, and a demand upon the parties claiming under it to establish it."

608

The proceedings to probate the will in this case, and for the issuance of letters testamentary, were initiated by the petitioner in the chancery court of the decedent's residence, as she was required to do by the state statute. Section 1599, Code 1930. The contest is a mere continuation of those proceedings. Rylee v. Bank & Trust Company, 122 Miss. 385, 84 So. 247. All interested persons must be made parties (section 1610); and on the trial the order of probate is only prima facie evidence of the validity of the will (section 1611). The Legislature took pains to provide that wills shall be proved and letters testamentary therein granted by the chancery court of the county in which the testator had a fixed place of residence. It would be unreasonable to attribute to it an intention to prescribe by the same chapter that a contest of said will might be brought in any other county, or even state, where jurisdiction could be had of the parties or the subject-matter. The statutory construction of the Supreme Court of Mississippi, that a will contest must be made up and tried in the same court in which the will was probated, is not only binding upon the federal courts but harmonious with federal decisions. The proceeding to probate a will "partakes, in some degree, of the nature of a proceeding in rem, in which all persons in the world who have any interest are deemed parties, and are concluded as upon res judicata by the decision of the court having jurisdiction." Case of Broderick's Will, 21 Wall. 503, 509, 22 L. Ed. 599.

In the case sought to be removed to this court there is no controversy except such as arises upon the issue of devisavit vel non, and the courts of the United States, sitting in equity, have no general jurisdiction to decide such an issue in states, such as Mississippi, where such jurisdiction is not conferred on the local equity courts by state statute. Smith v. Jennings (C. C. A.) 238 F. 48; Farrell v. O'Brien, 199 U. S. 89, 25 S. Ct. 727, 50 L. Ed. 101; Reed v. Reed (C. C.) 31 F. 49; In re Cilley (C. C.) 58 F. 977; Sutton v. English, 246 U. S. 199, 38 S. Ct. 254, 62 L. Ed. 664. The following language, at page 114 of 199 U. S., 25 S. Ct. 727, 735, 50 L. Ed. 101, in the just cited case of Farrell v. O'Brien, denying jurisdiction to federal courts in cases of this character arising under the laws of the state of Washington, is equally application to probate proceedings under the laws of Mississippi: "We are of opinion that the sections in question authorize a proceeding for contest only before the court which has admitted the will to probate or rejected the application made for probate, and that the authority thus conferred concerning the contest is an essential part of the probate procedure created by the laws of Washington, and does not, therefore, cause a contest, when filed, to become an ordinary suit between parties. This is plainly indicated by the fact that the proceeding provided by the statute concerns not only revocation of the probate of a will, but also the right to petition for the probate of a will where an application to probate it had been previously rejected. The context of the legislation in question also clearly establishes that the authorized proceeding is but supplementary to, and a continuation of, the original proceeding in probate."

The motion to remand should be sustained. An order may be entered accordingly.