## Gibson *v.* Jones, et al.

No. 41338          February 15, 1960          117 So. 2d 879

*Melvin, Melvin & Melvin,* Laurel, for appellant.

*George Maxey,* Laurel; *McFarland & McFarland,* Bay Springs, for appellees.

GILLESPIE, J.

On the trial of an issue devisavit vel non the proponents introduced in evidence the clerk's record of the probate in common form of the purported will of E. B. Jones, deceased, the purported will, and the chancellor's order approving the clerk's acts in vacation admitting the will to probate. The purported will showed that it was attested by two witnesses but the petition for probate averred that it was wholly written and signed by E. B. Jones, deceased. The record of probate did not contain the affidavit of any subscribing witness nor any other testimony in writing proving the validity of the will, and no attempt was made to explain the absence of such proof. Proponents rested without offering any other proof and on motion of contestants the chancery court excluded the evidence offered by proponents and entered a decree accordingly.

The question is: When the record of probate in common from shows that Section 501, Code of 1942, was not complied with, does such probate constitute prima facie evidence of the validity of the will?

■■ ■ The probate of wills is governed by Section 498, et seq., Code of 1942. Proof may be made by the affidavit of any subscribing witness or by testimony. In either event all testimony taken in probating it shall be reduced to writing, filed, and carefully preserved in the clerk's office, as provided by Section 501, Code of 1942, which is as follows:

"If the will shall appear to have been duly executed, it shall be admitted to probate, and all testimony taken

in probating it shall be reduced to writing, and filed and carefully preserved in the clerk's office."

Section 507, Code of 1942, is as follows: "On the trial of an issue made up to determine the validity of a will which has been duly admitted to probate, such probate shall be prima facie evidence of the validity of the will."

■■ ■ Where the record of probate in common form shows that Section 501 was not complied with, and especially where there is no attempt to excuse such noncompliance, the will has not been duly admitted to probate, and upon trial of a contest of the will, such record of probate does not constitute prima facie evidence of the validity of the will. ■■■ Sections 501 and 507 must be read together. ■■ ■ The latter Section is a mere rule of evidence. Rylee v. Union Planters Bank & Trust Company, 122 Miss. 385, 84 So. 247. The statute requires the clerk to reduce the testimony in proof of the will to writing and to file and preserve it. This was not done. And we see no reason why such defective probate should give proponents on the trial of the issue devisavit vel non the advantage of the provisions of Section 507, which latter section presupposes that the mandatory requirements of Section 501 have been followed.

■■■ The order of the clerk in vacation admitting the instrument here involved to probate was an adjudication by him that the instrument had been duly proven by the presentation thereof with the affidavits of the subscribing witnesses, or the testimony proving the validity of the will reduced to writing and filed and preserved as required by Section 501. Bigleben v. Henry, 196 Miss. 586, 17 So. 2d 602. But when the record of probate itself affirmatively shows that there was no compliance with the requirements of Section 501, the record is self-impeaching. This is not the same as impeaching a record by oral proof.

We conclude that the action of the lower court was correct and should be affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Arrington* and *Ethridge, JJ.,* concur.