### In re PEROVICH'S ESTATE.

Third Division. Valdez. May 9, 1925.

No. C-332.

**1. Executors and Administrators** ⬧214—**Claims for Burial.**

By natural law and American custom the nearest living relative has charge of the burial of a deceased person, and the expense incurred by him is always allowed, unless grossly extravagant. But his subsequent ratification of what was done by neighbors cannot give legal effect to what they had no right to do, for the reason that he had no interest in the estate.

**2. Executors and Administrators** ⬧214—**Expense of Flowers.**

Where fraternal orders or friends order flowers or other testimonials for the dead person, the expense thereof cannot be allowed as a claim against the decedent's estate.

**3. Executors and Administrators** ⬧109(5)—**Premiums on Administrator's Bond.**

Premiums on an administrator's bond may be allowed as a claim against the estate.

**4. Executors and Administrators** ⬧501—**Allowance of Administrator's Fees.**

The administrator's fees for services should not be allowed before the estate is closed.

Donohoe & Dimond, of Valdez, for administrator.

RITCHIE, District Judge. This is an appeal from orders made by the probate court of McCarthy precinct in the above-named estate, disallowing certain claims. The order this day signed by the court sets forth briefly the reasons for allowing most of those claims, but I am disposed to add a few comments.

In the first place, the probate judge was right in disallowing the cost of the interment at Juneau and various extra expenses incidental thereto. I fully approve his action in that matter; but, since this appeal was taken, the mother of decedent and sole

⬧See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

heir of his estate has approved in writing the questioned expenditure. As it will make no difference to her whether the estate pays the bill, or she pays it, no reason now exists why the estate should not pay it. Furthermore, her approval is an express ratification, which in legal effect is the same as though she had been on the ground and had directed the procedure which was adopted.

Ratification by the brother is ineffective, because he has no interest in the estate. If he had been present when the funeral arrangements were made, and had ordered them, that order would have been sufficient, because by natural law and American custom the nearest living relative has charge of the burial of a deceased person, and the expense incurred by him is always allowed, unless grossly extravagant. But his subsequent ratification of what was done by neighbors cannot give legal effect to what they had no right to do, for the reason stated—he had no interest in the estate.

The wish of decedent's Serbian friends that he be given interment in a Serbian cemetery was not unnatural; but it is difficult for an American mind, untutored in the Serbian school of thought and sentiment, to appreciate the cheerful abandon with which the Serbian brotherhood ordered floral decorations and other concrete testimonials of regard for their deceased countryman and then sent the bills to the estate. American fraternal orders and surviving friends pay such expense themselves as a matter of course.

The refusal of the probate judge to allow the premium on the administrator's bond given by a surety company had some basis. Administrators usually give personal bonds without cost. In this case, however, the bond was $26,000, and, no relative being at that time a local resident, it was necessary to appoint a stranger. It would have been difficult for him to get local sureties who could qualify, and he would naturally be reluctant to ask any one to assume the liability. The prompt administration of the estate has no doubt been of value to the heir, an aged woman, in giving her early possession of the money. Had the matter been delayed until the brother arrived, the situation could hardly have been different. It is highly improbable that he could not have given a personal bond, if he had desired to act as administrator. Two authorities were cited in favor of such allowance. In re Atkinson, 85 N. J. Eq. 485, 96

A. 89; Davis v. Blumenberg, 107 Miss. 432, 65 So. 503. Judge Love, probate judge at Valdez for nearly 10 years, testified that he had repeatedly allowed such premiums, when circumstances seemed to justify it.

The refusal of the probate court to allow claims without vouchers, and the administrator's fees before the estate was closed, was proper.